IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16-03215-CV-S-RK |
| v. | ) |
| | ) |
| SCHINDLER ELEVATOR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Schindler Elevator Corporation ("Schindler")'s Motion to Dismiss Complaint for Improper Venue or, in the Alternative, to Transfer Venue to the United States District Court for the District of Colorado. (Doc. 8.) Plaintiff Steadfast Insurance Company ("Steadfast") opposes the motion. (Doc. 14.) For the reasons set forth below, the motion is DENIED.

## I.   BACKGROUND

This case involves a contract dispute related to a construction project at a hotel in Westminster, Colorado (the "project"). (Doc. 1 at ¶ 7.) Killian Construction Co. ("Killian") was the general contractor for the project. (*Id.*) Steadfast issued an insurance policy to Killian that insured the cost of performance of the project. (*Id.* at ¶ 15.) Schindler was a subcontractor on the project. (*Id.* at ¶ 8.) Pursuant to the insurance policy, Steadfast issued payments to Killian for costs allegedly incurred due to Schindler's unjustified delays in construction. (*Id.* at 16.) In this action, Steadfast, as assignee and subrogee of Killian, is seeking damages from Schindler for breach of contract, negligent misrepresentation, equitable subrogation, equitable contribution, and unjust enrichment. The subcontract agreement at issue contains a forum selection clause requiring an action arising under the agreement, with federal jurisdiction, to be brought in the United States District Court for the Western District of Missouri, Southern Division. (Doc. 1-2 at 5.)

Killian is a Missouri corporation with a principal place of business in Springfield, Missouri. (*Id.* at ¶ 3.) Steadfast is a Delaware Corporation with a principal place of business in

Schaumburg, Illinois. (*Id.* at ¶ 1.) Finally, Schindler is a Delaware Corporation registered as a foreign corporation in Missouri and maintains a registered agent in Missouri. (*Id.* at ¶ 4.)

## II. DISCUSSION

### A. Motion to Dismiss for Improper Venue

Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a party to move for a dismissal based upon improper venue. Although there is a split in the circuits, the Eighth Circuit has held that the defendant bears the burden of establishing that venue is improper. *Brigdon v. Slater,* 100 F. Supp. 2d 1162, 1164 (W.D. Mo. Apr. 16, 2000) (citing *United States v. Orshek,* 164 F.2d 741, 742 (8th Cir. 1947)); *see also Luebbert v. Emp'rs & Operating Eng'rs Local 520 Pension Fund,* No. 4:06CV01140 ERW, 2007 WL 1100455, at *2 (E.D. Mo. Apr. 10, 2007) (following *Brigdon*); *Spanier v. Am. Pop Corn Co.*, No. C15-4071-MWB, 2016 WL 1465400, at *10 (N.D. Iowa Apr. 14, 2016) (reciting split in authority). Ordinarily, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007)).

Venue in civil actions is generally governed by 28 U.S.C. § 1391. That section states in relevant part:

> (b) Venue in general. A civil action may be brought in --
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> ***
>
> (c) Residency. For all venue purposes –
>
>> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]

*Id.*

Federal courts can exercise personal jurisdiction to the extent that it is "permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994) (*citing Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991)). By way of overview, the Court notes that absent waiver or consent, "[p]ersonal jurisdiction can be specific or general." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citation omitted). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of

2

action involving a particular defendant, regardless of where the cause of action arose." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011).

Courts have also found personal jurisdiction by a party's waiver or consent. Key to the case at bar, the Eighth Circuit has long held that "[o]ne of the most solidly established ways of giving such consent is to designate an agent for service of process within the State." *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990); *see also Trout v. SmithKline Beecham, Corp.*, No. 4:15 CV 1842 CDP, 2016 U.S. Dist. LEXIS 13387, at *3 (E.D. Mo. Feb. 4, 2016) ("Missouri law allows for the exercise of personal jurisdiction over a corporation that has consented by registering to do business in the state and designated an agent for service of process."); *Regal Beloit Am., Inc. v. Broad Ocean Motor LLC*, No. 4:16-cv-00111-JCH, 2016 U.S. Dist. LEXIS 85123, at *15-16 (E.D. Mo. June 30, 2016) ("[T]he Court concludes that [defendant] has consented to jurisdiction by registering to do business in the state of Missouri and appointing an agent for service of process here.").

Finally, when a corporation consents to jurisdiction by registering to do business in the state of Missouri and appointing an agent for service of process here, it resides in Missouri for the purposes of § 1391(c). *See Spanier,* 2016 WL 1465400, at *4 (applying substantially similar Iowa law); *see also* Iowa Code §§ 490.1503(e), 490.1510(1), and Mo. Rev. Stat. §§ 351.586, 351.594.

With that framework in mind, the first question to consider is whether the Court has personal jurisdiction over Schindler. If the Court has personal jurisdiction of Schindler, then it resides in Missouri for purposes of § 1391(c). Finally, if Schindler resides in Missouri, venue is proper pursuant to §1391(b)(1).

The Complaint alleges Schindler is a Delaware corporation, registered as a foreign corporation with a registered agent in Missouri. (Doc. 1 at ¶ 4.) Schindler has not answered the Complaint, and therefore has not yet admitted or denied that allegation. In its motion to dismiss for improper venue, Schindler does not specifically address whether the Court has personal jurisdiction over it but does argue that the Court should dismiss the Complaint for venue purposes because it "is not a resident of Missouri." (Doc. 9 at 2, 5; Doc. 15 at 3.) In its opposition to Schindler's motion to dismiss, Steadfast noted that Schindler is authorized to do business in Missouri and inserted a footnote that states:

> It should be noted that Schindler's Motion to Dismiss/Transfer Venue does not expressly challenge the Court's personal jurisdiction over Schindler. However, to the extent that the Motion to Dismiss/Transfer Venue purports to challenge the Courts personal jurisdiction over Schindler, the Court should disregard any such challenge as Schindler has acknowledged that it is subject to personal jurisdiction before this Court.

(Doc. 14 at 1-2.) In support of those statements, Steadfast cites to an answer filed by Schindler in a Missouri state court action. (*Id.*) In its reply, Schindler does not respond to this portion of Steadfast's opposition. "Without the benefit of on-point case law, this Court is not convinced that . . . jurisdiction is forever established over Defendants solely because of their admissions in a prior unrelated case[.]" *Regal Beloit Am., Inc. v. Broad Ocean Motor LLC*, No. 4:16-CV-00111-JCH, 2016 WL 3549624, at *3 (E.D. Mo. June 30, 2016). However, Steadfast appears to concede this point when considering its reply brief is silent on this issue. Additionally, a Court ruling a motion to dismiss ordinarily "must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp.,* 550 U.S. 544, 572. Therefore, Schindler has failed to meet its burden of establishing that it is not a Missouri resident for purposes of § 1391(c). Accordingly, the Court concludes that venue is proper pursuant to §1391(b)(1) because the Court has personal jurisdiction of Schindler.

### B. Alternative Motion to Transfer

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" based on convenience and interests of justice. In evaluating convenience, courts usually consider the following factors:

> (1) the convenience of the parties, (2) the convenience of the witnesses--including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). In evaluating the interest of justice, courts typically consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Id.* However, when the parties' dispute is subject to a valid forum selection clause, the Court's analysis is altered. *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 581

4

(2013) ("The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum. . . . [B]ecause the overarching consideration under §1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.") (internal citations and quotations omitted). Relevant here, the presence of a valid forum selection clause adjusts the usual §1404(a) analysis such that the court does not consider arguments about the parties' private interests and does not give weight to the plaintiff's choice of forum. *Id.* at 581-582; *see also Monsanto Co. v. Omega Farm Supply, Inc.*, 91 F. Supp. 3d 1132, 1140 (E.D. Mo. 2015) (holding that the court "may not consider the parties' private interests, such as whether the forum is convenient for the parties or their witnesses" because the parties have agreed to a valid forum selection clause). Put another way, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine Constr. Co.*, 134 S. Ct. at 582. Additionally, the forum selection clause is the "most significant factor in the court's decision[.]" *Monsanto*, 91 F. Supp. 3d at 1140.

As a result, a district court can only assess public interest considerations in determining whether transfer is appropriate under § 1404(a), and those factors will rarely dictate a forum other than that provided in the contract. *Atl. Marine Constr., Co.*, 134 S. Ct. at 582. "The practical result is that forum selection clauses should control except in unusual cases." *Id.* The party seeking to avoid the forum provided in a forum selection clause has the burden of establishing that the public-interest factor overwhelmingly favors litigation in the forum that it is seeking. *Atl. Marine Constr., Co.*, 134 S. Ct. at 583.

However, to be controlling, the forum selection clause must be "(1) validly contracted; (2) unambiguously mandatory; and (3) applicable to the type of claims asserted in the lawsuit." *Sunflower Redevelopment, LLC v. Ill. Union Ins. Co.*, No. 4:15-CV-577-DGK, 2016 U.S. Dist. LEXIS 102689, at *10 (W.D. Mo. Jan. 4, 2016). "Forum selection clauses are presumptively valid and enforceable unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *Monsanto*, 91 F. Supp. 3d at 1140.

5

Here, the subcontract agreement between Killian and Schindler contains a forum selection clause requiring an action arising under the agreement, with federal jurisdiction, to be brought in the United States District Court for the Western District of Missouri, Southern Division. (Doc. 1-2 at 5.) Schindler does not suggest or show that the forum selection clause was a product of fraud or overreaching, that the clause is not mandatory, or that it is inapplicable to the type of claims asserted. Therefore, the Court finds that the clause is valid, unambiguously mandatory, and applicable to the claims asserted by Steadfast. Instead, Schindler contends (1) that Steadfast has not established that it took a valid assignment of Killian's rights under the subcontract; (2) that Steadfast, as subrogee, does not have any right to enforce the forum selection clause; and (3) that the forum selection clause should not be enforced because of significant inconvenience.

First, in addressing whether Steadfast has established that it took a valid assignment of Killian's rights under the subcontract, the Court determines that at this point, without contradictory evidence or legal authority before it, Steadfast has been assigned Killian's rights under the subcontract as set forth in the Assignment of Rights to Steadfast Insurance Company, doc. 14-2.

Next, the Court finds that Schindler has the right to seek enforcement of the forum selection clause as a subrogee. *See Farrell Lines v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118, 126 (S.D.N.Y. 1997) (citing *Spier v. Erber*, 759 F. Supp. 1024, 1027 (S.D.N.Y. 1991) ("subrogee may enforce forum selection clause against party to contract with subrogor when suing to enforce subrogation rights").

Lastly, the Court has considered Schindler's inconvenience arguments but finds they do not outweigh the public interest in enforcing the forum selection clause. In coming to this conclusion, the Court considered that convenience of the parties and their witnesses must weigh entirely in favor of the preselected forum; Defendant did not argue that records would be difficult to access while litigating in this forum; Killian is a Missouri corporation with its principal place of business in Missouri; Defendant did not submit evidence showing where other potential, subcontractor witnesses reside; Colorado is the location where the conduct complained of occurred; and the subcontract agreement says that it is governed by the laws of the State of Missouri. With respect to the factors used to determine whether a case should be transferred in

the interest of justice, the forum selection clause is controlling as there are no exceptional circumstances presented in this case that warrant transfer.

Therefore, this action should not be transferred under 28 U.S.C. § 1404(a).

## III. CONCLUSION

For the reasons stated above, venue is proper pursuant to §1391(b)(1), and the case does not warrant transfer pursuant to 28 U.S.C. § 1404(a). Accordingly,

Defendants Motion to Dismiss Complaint for Improper Venue or, in the alternative, to Transfer Venue to the United States District Court for the District of Colorado (doc. 8) is DENIED.

IT IS SO ORDERED.

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: December 16, 2016